IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| VINCENT EUGENE MANNINO, | : | |
|     Debtor | : | CASE NO. 1:18-bk-04166 |
| | : | |
| VINCENT EUGENE MANNINO, | : | |
|     Movant | : | |
| v. | : | |
| FIRST NATIONAL BANK OF | : | |
| PENNSYLVANIA, | : | |
|     Respondent/Claimant | : | OBJECTION TO CLAIM # 5 |

## OBJECTION TO PROOF OF CLAIM #5

COMES NOW the Debtor, by and through attorney Dorothy L. Mott, Esquire and makes this Objection to Creditor's claim filed in the above–captioned bankruptcy proceeding, stating in support there of as follows:

    1. The Debtor filed a Chapter 13 bankruptcy proceeding on 10/1/2018.

    2. The Respondent, FIRST NATIONAL BANK OF PENNSYLVANIA, filed an unsecured claim on or about November 19, 2018 in the amount of $284.96.

    3. Federal Rule of Bankruptcy Procedure 3001(c) requires that 'when a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim.  If the writing has been lost or damaged, a statement of the circumstances of the loss or destruction shall be filed with the claim.'

    4. The creditor's claim is based on a writing, and the documents, if any, attached to the proof of claim do not include the original or a copy of such writing, or a statement of the circumstances of the loss or destruction, if any, of the writing.

    5. Rule 3001(c)(2)(A)  requires an itemized statement showing all applicable interest, fees, expenses, and/or charges be filed with the proof of claim.

6. Without the required documentation attached to the claim, Debtor's counsel cannot ascertain whether the claim amount is correct and which state's statue of limitations applies.

7. If the applicable statute of limitations is Pennsylvania, then the Respondent's claim is beyond the statute of limitations for collection.

8. The Debtor believes that the claim is beyond the statute of limitations for collection and may be overstated, but without further documentation cannot determine the validity of the claim. The attachment to the proof of claim indicates that the last transaction on the account was made on July 28, 2014.

9. Although the Claimant indicates that its claim is for principal only, Debtor believes that the amount includes interest, fees or other charges, which would require the Claimant to comply with Rule 3001(c)(2)(A) and provide a breakdown of the additional fees and charges.

10. The claim should be disallowed because the claim is beyond the statute of limitation for collections.

WHEREFORE, the Debtor hereby requests that this Honorable Court enter an order

1. Disallowing and dismissing the claim; and

2. Precluding the Claimant from presenting the omitted information as evidence in any contested matter or adversary proceeding pursuant to Rule 3001(c)(2)(D)(i); and

3. Granting such other relief as this Court deems just.

Respectfully submitted,

/s/ Dorothy L. Mott

_____
Dorothy L. Mott, Esquire
Mott & Gendron Law
125 State Street
Harrisburg, PA 17101
717.232.6650 Tel
717.232.0477 Fax
doriemott@aol.com

LOCAL BANKRUPTCY FORM 3007-1
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | CHAPTER 13 |
| VINCENT EUGENE MANNINO, : | |
|     Debtor : | CASE NO. 1:18-bk-04166 |
| : | |
| VINCENT EUGENE MANNINO, : | |
|     Objector(s) : | |
| : | OBJECTION TO CLAIM # 5 |
| FIRST NATIONAL BANK OF : | |
| PENNSYLVANIA, : | |
|     Respondent/Claimant : | |
| : | |
| : | |
| : | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**TO:FIRST NATIONAL BANK OF PENNSYLVANIA  ("Claimant")**

**NOTICE OF OBJECTION TO CLAIM AND DEADLINE TO REQUEST HEARING DATE**
Vincent Eugene Mannino has filed an objection to the proof of claim you filed in this bankruptcy case.

**NOTICE: Your claim may be reduced, modified, or eliminated.** You should read this notice and the objection carefully and discuss them with your attorney, if you have one.

If you do not want to the court to enter an order affecting your claim, then on or before December 19, 2018, (30 days from the date of service), you or your lawyer must file a request for hearing or a written response to the objection explaining your position.

Those not permitted to file electronically must deliver any request for hearing or response by U.S. mail, courier, overnight/express mail, or in person at: (select the appropriate address)

Ronald Reagan Federal Building
228 Walnut Street Rm 320
Harrisburg, PA 17101

If you mail your request for hearing or response to the court, you must mail it early enough so the court will receive on or before the date stated above.

You must also send a copy of your request for hearing or response to:

Dorothy L. Mott, Esquire
Mott & Gendron Law
125 State Street
Harrisburg, PA 17101
717. 232.6650 Tel
717.232.0476 Fax
doriemott@aol.com

**If you or your attorney do not take these steps, the court may decide that you do not oppose an order affecting your claim. Attorney for Objector**

/s/ Dorothy L. Mott
Mott & Gendron Law
PA ID: 43568
125 State Street, Harrisburg PA 17101
717. 232.6650 Tel
717.232.0476 Fax
doriemott@aol.com

Date of Notice: November 19, 2018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| VINCENT EUGENE MANNINO, | : | |
|     Debtor | : | CASE NO. 1:18-bk-04166 |
| | : | |
| VINCENT EUGENE MANNINO, | : | |
|     Movant | : | |
| v. | : | |
| FIRST NATIONAL BANK OF | : | |
| PENNSYLVANIA, | : | |
|     Respondent/Claimant | : | OBJECTION TO CLAIM # 5 |
| | : | |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on <u>November 19, 2018</u>, I served a copy of the foregoing document(s) electronically or by placing the same in the United States Mail, First Class, postage pre-paid, addressed as follows on the following parties:

| Name and Address | Mode of Service |
|---|---|
| CHARLES J DEHART, III ESQUIRE<br>8125 ADAMS DRIVE SUITE A<br>HUMMELSTOWN PA 17036<br>dehartstaff@pamd13trustee.com | Electronically |
| FIRST NATIONAL BANK OF PENNSYLVANIA<br>C/O AAS DEBT RECOVERY, INC<br>2526 MONROEVILLE BLVD STE 205<br>MONROEVILLE, PA 15146 | First Class Mail, Postage Prepaid |

I certify under penalty of perjury that the foregoing is true and correct.
Date: 11/19/2018

                                            /s/Dorothy L Mott

                                            _____

                                            Dorothy L Mott, Esquire
                                            Atty ID #43568
                                            Dorothy L. Mott Law Office, LLC
                                            125 State Street
                                            Harrisburg, PA 17101
                                            (717) 232–6650 TEL
                                            (717) 232-0477 FAX
                                            doriemott@aol.com

| | |
|---|---|
| IN RE: : | CHAPTER 13 |
| VINCENT EUGENE MANNINO, : | |
|     Debtor : | CASE NO. 1:18-bk-04166 |
| : | |
| VINCENT EUGENE MANNINO, : | |
|     Movant : | |
| v. : | |
| FIRST NATIONAL BANK OF : | |
| PENNSYLVANIA, : | |
|     Respondent/Claimant : | OBJECTION TO CLAIM # 5 |
| : | |

**O R D E R**

UPON CONSIDERATION of the Objection to Proof of Claim filed by the Debtor, it is hereby

ORDERED that the claim of the Respondent is disallowed and dismissed; it is further

ORDERED that the Claimant is precluded from presenting the omitted information as evidence in any contested matter or adversary proceeding pursuant to Rule 3001(c)(2)(D)(i)