```
United States Bankruptcy Court
Middle District of Pennsylvania
```

In re:                                                                  Case No. 18-04166-HWV
Vincent Eugene Mannino                                                  Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1    User: AGarner    Page 1 of 2    Date Rcvd: Dec 14, 2018
                Form ID: pdf002    Total Noticed: 32

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 16, 2018.

```
db            +Vincent Eugene Mannino,    324 Holiday Lane,    Lewistown, PA 17044-1238
5115061       +AAA DEBT REC,    PO BOX 129,    MONROEVILLE, PA 15146-0129
5115062       +BK OF MO,    5109 S BROADBAND LANE,    SIOUX FALLS, SD 57108-2208
5115063       +BRENNER CAR CREDIT,    4 PARKSIDE COURT,    MIFFLINTOWN, PA 17059-9100
5115064       +BRET TREASTER, TAX COLLECTOR,    10 LAUREL STREET,    LEWISTOWN, PA 17044-1113
5115065        BRYANT & CANTORNA PC,    107 E MAIN STREET,    MILLHEIM, PA 16854
5115066        BUREAU OF ACCOUNT MGMT,    3607 ROSEMONT AVE STE 502,    PO BOX 8875,    CAMP HILL, PA 17001-8875
5115067       +CARRINGTON MORTGAGE SERVICES LLC,    1600 S DOUGLASS ROAD STE 200A,    ANAHEIM, CA 92806-5951
5115069       +CNACPA117,    3510 WEST COLLEGE AVE,    STATE COLLEGE, PA 16801-2507
5115072       +CREDIT ACCEPTANCE,    25505 W 12 MILE ROAD, STE 3000,    SOUTHFIELD, MI 48034-8331
5139629       +Carrington Mortgage Services, LLC,    1600 South Douglass Road,    Anaheim, CA 92806-5951
5136922        Directv, LLC,    by American InfoSource as agent,    PO Box 5008,    Carol Stream, IL 60197-5008
5115074       +FNB OF PENNSYLVANIA,    1114 EAST CARSON STREET,    PITTSBURGH, PA 15203-1124
5131958       +First National Bank of Pennsylvania,    c/o AAS Debt Recovery Inc,
                2526 Monroeville Blvd Suite 205,    Monroeville, PA 15146-2371
5131324       +FirstEnergy/Penelec,    Bldg 1 Suite 1-511,    101 Crawfords Corner Rd,    Holmdel, NJ 07733-1976
5115076       +PENELEC,    CUSTOMER SERVICE,    PO BOX 16001,    READING, PA 19612-6001
5115077       +RICHARD M. SQUIRE & ASSOCIATES,    ONE JENKINTOWN STATION,    115 WEST AVENUE SUITE 104,
                JENKINTOWN PA 19046-2031
5115078       +ROXIE SCHLORFF,    817 PROSPECT AVENUE,    LOCK HAVEN, PA 17745-8517
5115079       +SAFECO INSURANCE HEADQUARTERS,    BANKRUPTCY NOTICES,    175 BERKELEY STREET,
                BOSTON, MA 02116-5066
5115081       +UNEMP COMP OVERPAYMENT MATTERS,    DEPT OF L&I - OFFICE OF CHIEF COUNSEL,
                651 BOAS STREET 10TH FLOOR,    HARRISBURG, PA 17121-0751
5115082       +UNEMPL COMP TAX MATTERS,    HARRISBURG CASES L&I OFF CHIEF COUNSEL,    651 BOAS STREET 10TH FLOOR,
                HARRISBURG, PA 17121-0751
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
5134020       +E-mail/Text: bnc@atlasacq.com Dec 14 2018 19:49:37      Atlas Acquisitions LLC,    294 Union St.,
                Hackensack, NJ 07601-4303
5115068       +E-mail/Text: dehartstaff@pamd13trustee.com Dec 14 2018 19:50:19      CHARLES J DEHART, III, ESQ.,
                8125 ADAMS DRIVE STE A,    HUMMELSTOWN PA 17036-8625
5115070        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 14 2018 19:50:03      COMM OF PA DEPT OF REVENUE,
                BUREAU OF COMPLIANCE,    PO BOX 280946,    HARRISBURG, PA 17128-0946
5115071       +E-mail/Text: abovay@creditmanagementcompany.com Dec 14 2018 19:50:18      CRDMGMCOMP,
                2121 NOBLESTOWN ROAD,    PITTSBURGH, PA 15205-3956
5115073       +E-mail/Text: bankruptcy_notifications@ccsusa.com Dec 14 2018 19:50:27      CREDIT COLL,
                PO BOX 607,    NORWOOD, MA 02062-0607
5115075        E-mail/Text: cio.bncmail@irs.gov Dec 14 2018 19:49:46      INTERNAL REVENUE SERVICE - CIO,
                PO BOX 7346,    PHILADELPHIA, PA 19101-7346
5115517       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 14 2018 19:54:17
                PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5116325        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 14 2018 19:50:03
                Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                Harrisburg, PA 17128-0946
5115080        E-mail/Text: bankruptcy@sccompanies.com Dec 14 2018 19:50:33      SEVENTH AVENUE,    1112 7TH AVE,
                MONROE, WI 53566-1364
5115083        E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Dec 14 2018 19:49:34
                VERIZON WIRELESS,    500 TECHNOLOGY DR, STE 550,    SAINT CHARLES, MO 63304-2225
5136469        E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Dec 14 2018 19:54:38      Verizon,
                by American InfoSource as agent,    PO Box 248838,    Oklahoma City, OK 73124-8838
                                                                                              TOTAL: 11

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*           +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                 TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 16, 2018                                       Signature: /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 14, 2018 at the address(es) listed below:

    Charles J DeHart, III (Trustee)   dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
    Dorothy L Mott   on behalf of Debtor 1 Vincent Eugene Mannino DorieMott@aol.com, KaraGendronECF@gmail.com;mottgendronlaw@gmail.com;bethsnyderecf@gmail.com
    James Warmbrodt   on behalf of Creditor   Wells Fargo Bank N.A., as Trustee, et al bkgroup@kmllawgroup.com
    Kara Katherine Gendron   on behalf of Debtor 1 Vincent Eugene Mannino karagendronecf@gmail.com, doriemott@aol.com;mottgendronlaw@gmail.com;bethsnyderecf@gmail.com
    United States Trustee   ustpregion03.ha.ecf@usdoj.gov

    TOTAL: 5

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
VINCENT EUGENE MANNINO :
   Debtor : CASE NO. 1:18-bk-04166
                               :
                               : ☐ ORIGINAL PLAN
                               :
                               : ☒ 1st AMENDED PLAN (indicate 1ST, 2ND, 3RD, etc.)
                               :
                               : ☐ 0 Number of Motions to Avoid Liens
                               :
                               : ☐ 0 Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☒ 0 Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☒ 0 Included | ☐ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**
     1. To date, the Debtor paid $ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $39,600.00, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 11/2018 | 10/2020 (24 mos) | $300.00 | $ | | $ 7,200.00 |
| 11/2020 | 10/2023 (36 mos) | $900.00 | $ | | $32,400.00 |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | | | Total Payments | $39,600.00 |

     2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.
     3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.
     4. CHECK ONE: ☒ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.
     ☐ Debtor is over median income. Debtor calculates that a minimum of $ must be paid to allowed unsecured creditors in order to comply with the Means Test.

   B. **Additional Plan Funding From Liquidation of Assets/Other**

     1. The Debtor estimates that the liquidation value of this estate is $. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.
☐ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.
☒ Certain assets will be liquidated as follows:
     2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.
     3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as

follows: Non-exempt proceeds, if any, from Met Life claim and recover of loan to friend.

## 2. SECURED CLAIMS

   A. **Pre-Confirmation Distributions**. *Check one*.

☒ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

   B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor**. *Check one*.

☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| BRENNER CAR CREDIT | 2005 Jeep Liberty | |
| CARRINGTON MORTGAGE SERVICES LLC | 324 Holiday Lane, Lewistown, PA 17044 | |
| CREDIT ACCEPTANCE | 2007 Toyota Solara | |

   C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| BRENNER CAR CREDIT | 2005 Jeep Liberty | Per allowed proof of claim $0 estimated | | Per allowed proof of claim |
| CARRINGTON MORTGAGE SERVICES LLC | 324 Holiday Lane, Lewistown, PA 17044 | Per allowed proof of claim $26,000.00 estimated | | Per allowed proof of claim |
| CREDIT ACCEPTANCE | 2007 Toyota Solara | Per allowed proof of claim $0 estimated | | Per allowed proof of claim |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

☑ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| **PA DEPT OF REV.** | **324 Holiday Lane, Lewistown, PA 17044** | per allowed claim $1886.92 | statutory rate of intest | per allowed claim |

**E. Secured claims for which a § 506 valuation is applicable**. *Check one.*

☑ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

**F. Surrender of Collateral**. *Check one.*

☑ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens**. *Check one.*

☑ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

**3. PRIORITY CLAIMS.**

  **A. Administrative Claims**

    1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
    2. <u>Attorney's fees</u>. Complete only one of the following options:

   a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or
   b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

  3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

☑ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

  **B. Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below)**. *Check one of the following two lines.*

☑ None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.

  **C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☑ If "None" is checked, the rest of § 3.C need not be completed or reproduced.

**4. UNSECURED CLAIMS**
 **A. Claims of Unsecured Nonpriority Creditors Specially Classified**. *Check one of the following two lines.*

☑ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. *Check one of the following two lines.*

☑ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

**6. VESTING OF PROPERTY OF THE ESTATE.**
**Property of the estate will vest in the Debtor upon**
*Check the applicable line:*
☐ plan confirmation.
☐ entry of discharge.
☑ closing of case:

**7. DISCHARGE**: (Check one)
☑ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION**:
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1:	Adequate protection payments.
Level 2:	Debtor's attorney's fees.
Level 3:	Domestic Support Obligations.
Level 4:	Secured claims, pro rata.
Level 5:	Priority claims, pro rata.
Level 6:	Specially classified unsecured claims.
Level 7:	General unsecured claims.
Level 8:	Untimely filed unsecured claims to which the debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

(1) Claim amounts: The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.

(2) Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.

(3) Lien Releases.

(a) Personal Property: Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(b) Real Property: Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(4) Notwithstanding the confirmation of this plan, the debtor(s) reserve the right to challenge the allowance, validity, or enforceability of any claim in accordance with §502(b) and to challenge the standing of any party to assert any such claim

.

/s/ Dorothy L. Mott, /s/ Kara K. Gendron
_____
Dorothy L. Mott, Kara K. Gendron
Attorneys for Debtor(s)


 /s/  Vincent Eugene Mannino
Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9